**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DERREL RAMSEY** | : | |
| | : | **Case No. 2:25-cv-777** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **THE COLUMBUS URBAN LEAGUE, et al.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant National Urban League Inc.'s ("NUL") Motion to Dismiss Plaintiff Derrel Ramsey's ("Plaintiff") First Amended Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 23). For the reasons set forth below, NUL's Motion is **GRANTED**.

## I. BACKGROUND

The instant case arises under the Equal Pay Act, 29 U.S.C. § 206(d) and the Fair Labor Standards Act, 29 U.S.C. § 201. Plaintiff is a resident of Ohio who began to work for Columbus Urban League ("CUL") in July 2023, as a business consultant and adviser at CUL's Columbus Location. (ECF No. 33 at ¶¶ 17–19). CUL is a domestic non-profit corporation that is located in Columbus, Ohio but is a local affiliate of NUL, a foreign non-profit corporation in New York. (*Id.* at ¶ 2–4). Andrea Wilkes is a resident of Ohio and was the director of CUL at the time of Plaintiff's employment. (*Id.* at ¶¶ 6–7; 26–27).

Plaintiff's factual allegations are as follows: During Plaintiff's employment at CUL, more than 90% of CUL's employees were female, and Plaintiff was the only male business consultant and

adviser. (*Id.* at ¶¶ 24–25). CUL paid Plaintiff $60,000 per year but paid similarly situated female employees at a higher rate than Plaintiff despite both sides having the same job duties and similar levels of experience and education. (*Id.* at ¶¶ 30–55). Plaintiff alleges that on November 14, 2023, Andrea Wilkes told him that he was an "undermining man." (*Id.* at ¶ 56). Following this incident, in December 2023, Plaintiff shared his concerns with Wilkes and Joy Armstrong, the human resources director. (*Id.* at ¶ 60). In this first report, Plaintiff reported that he was paid less than similarly situated female employees, was denied access to mentorship and promotion opportunities, and that he was treated differently because of his sex. (*Id.* at ¶¶ 62–64). CUL has a policy against discrimination and investigates reports of violations of its Discrimination Policy. (*Id.* at ¶¶ 65; 75). CUL, however, did not investigate Plaintiff's discrimination report. (*Id.* at ¶ ¶76–89). In early October 2024, Plaintiff reported to NUL that CUL and Wilkes were discriminating against him because of his sex. (*Id.* at ¶ 92). NUL also has a policy against discrimination and to investigate reports of violations of the policy. (*Id.* at ¶¶ 93–103). NUL, however, did not investigate Plaintiff's report. (*Id.* at ¶ 117). On October 11, 2024, CUL terminated Plaintiff's employment citing a "client complaint" and "breach of trust." (*Id.* at ¶¶ 119–122). CUL did not cite specific examples of where Plaintiff erred, other than a "client complaint" and a "breach of trust.". (*Id.* at ¶¶ 122–124). Plaintiff alleges that the real reason for his termination was because of his sex and because he opposed discrimination from CUL and Wilkes. (*Id.* at ¶¶ 127–128). After terminating Plaintiff, Wilkes accused Plaintiff of threatening her with violence which Plaintiff alleges harmed his reputation. (*Id.* at ¶¶ 130–132).

Plaintiff asserts that because NUL has an affiliate agreement with CUL, it gives NUL oversight over CUL's activities, thereby giving Defendants sufficient contacts with Ohio to be subject to the Court's jurisdiction. (ECF No. 26 at 1–2). Plaintiff also alleges that since NUL supervised the

work he performed in Ohio and committed multiple discriminatory and retaliatory acts in Ohio, NUL has subjected itself to the Court's jurisdiction. (*Id.* at 4). Therefore, NUL, Plaintiff says, "aided, abetted, incited, coerced, and/or compelled" CUL's and Wilkes' discrimination against Plaintiff. (*Id.* at 1–2).

Plaintiff filed the initial Complaint on July 14, 2025, against CUL, NUL, and Andrea Wilkes. (ECF No. 1). Defendant NUL moved to dismiss Plaintiff's Complaint against it pursuant to Rule 12(b)(2) and 12(b)(6). (ECF No. 23). Plaintiff responded, (ECF No. 26), and Defendant replied, (ECF No. 27). Plaintiff subsequently filed an amended complaint, (ECF No. 33), and NUL filed a supplemental memorandum for its Motion to Dismiss following the amended complaint, (ECF No. 34). Plaintiff responded, and NUL replied. (ECF Nos. 36; 37). This Motion is now ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the district court's personal jurisdiction over the case. The plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 537–38 (S.D. Ohio 2012) (Marbley, J.) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)). Where, as here, "the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *Air Prods. & Controls*, 503 F.3d at 549 (citations omitted). The plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted). In deciding

a Rule 12(b)(2) motion, a district court "must consider the pleadings and affidavits in a light most favorable to the non-moving party," and "does not weigh the controverting assertions of the party seeking dismissal." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

If a complaint can survive dismissal under Federal Rule of Civil Procedure 12(b)(2), it must then past muster under Rule 12(b)(6). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) evaluates the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion tests the complaint's cause of action and is "not a challenge to [its] factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, in evaluating a Rule 12(b)(6) motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accept [all] allegations as true, and draw all reasonable inferences in [its] favor." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks and citation omitted). This favorable treatment of the complaint applies to well-pleaded factual allegations. Complaints cannot rest on legal conclusions, as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are insufficient; similarly, factual assertions cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). In sum, the facts alleged must be sufficient to "raise a right to relief above the speculative level," such that the complaint states a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Beyond the complaint itself, courts may also consider exhibits attached to the complaint, "public records, items appearing in the record of the case and exhibits attached to the defendant's

motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## III. LAW AND ANALYSIS

The Court begins with the threshold issue of personal jurisdiction. NUL argues that there is no basis for this Court to exercise personal jurisdiction over it because NUL does not maintain a presence in Ohio or have any connection to Ohio, and further, NUL is not responsible for CUL's operations, including the hiring and termination of personnel. (ECF No. 23 at 4–5).

Personal jurisdiction exists over a defendant if that defendant is "amenable to service of process" under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny it due process. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). There are two categories of personal jurisdiction: general and specific. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (Marbley, J., by designation).

General jurisdiction exists when the defendant's contacts or affiliations with the forum state are "so 'continuous and systematic' as to render" the defendant "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). For a corporation, this all-purpose general jurisdiction exists where it is fairly regarded at home—paradigmatically, "where it is incorporated or has its principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Specific jurisdiction, on the other hand, exists over out-of-state defendants where they have "'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear*, 564 U.S. at 923 (quoting *Int'l Shoe*, 326 U.S. at 316). It "depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is

therefore subject to the State's regulation," and is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (citations omitted). The plaintiff must show that the out-of-state defendant "'purposefully directed' his activities at the residents of the forum," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)), "and the litigation results from alleged injuries that 'arise out of or relate to' those activities," *id.* at 472–73 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

**A. General Personal Jurisdiction**

Plaintiff is a resident of Powell, Ohio and alleges that all events in the Complaint occurred in Franklin County, Ohio. (ECF No. 33 at ¶ 9). Although Plaintiff alleges that CUL, his former employer, does business in Columbus, Ohio, the same cannot be said for NUL. (*Id.* at ¶ 2). NUL is a foreign corporation with its principal place of business in New York, New York, and the First Amended Complaint does not include any allegations that could show that NUL would be essentially at home in Ohio. (*See* ¶ 4). NUL argues that it is not subject to this Court's general personal jurisdiction, (ECF No. 34 at 7), and Plaintiff appears to concede in his response to NUL's Motion to Dismiss that general personal jurisdiction does not apply. (ECF No. 36 at 4). Thus, NUL is not subject to this Court's general jurisdiction. *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 502 (6th Cir. 2020) (no general personal jurisdiction where no allegations support it). However, even if Plaintiff were not to concede general personal jurisdiction, the Court still would not find NUL subject to general personal jurisdiction because it is not "essentially at home" in Ohio. But it may still be subject to specific personal jurisdiction.

### B. Specific Personal Jurisdiction

In this case, subject matter jurisdiction arises under federal question jurisdiction. Thus, specific personal jurisdiction "exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Bird*, 289 F.3d at 871 (cleaned up).

#### 1. Ohio's Long-Arm Statute

Under Ohio's long-arm statute, this Court would have specific personal jurisdiction over NUL if Plaintiff's cause of action arises from any of NUL's acts as enumerated in Ohio Rev. Code § 2307.382(A). Defendant NUL argues that "plaintiff presents no allegations supporting any of the criteria under § 2307.382(A)." (ECF No. 34 at 8–9). NUL further argues that the only potential application of Ohio's long-arm statute would be "causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state," but even then, Plaintiff failed to allege that NUL intentionally caused Plaintiff tortious injury in Ohio. (*Id.* at 9). In contrast, Plaintiff argues that NIL is subject to Ohio's long-arm statute by transacting business in Ohio, causing tortious injury by act or omission, and "by Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code § 2307.382(A)(1), (3), (4); (ECF No. 36 at 7). Specifically, Plaintiff argues that, even if the Court does not find NUL to have been transacting business in Ohio, it was NUL's failure to act when Plaintiff complained about CUL's discriminatory conduct that led to Plaintiff's termination. (ECF No. 36 at 8).

Since Ohio's long-arm statute was updated effective April 7, 2021, however, this Court also has specific personal jurisdiction over NUL so long as it is "consistent with the Ohio Constitution and the United States Constitution." Ohio Rev. Code § 2307.382(C); *C.T. v. Red Roof Inns, Inc.*, 2021 WL 2942483, at *10 (S.D. Ohio July 1, 2021) (Marbley, J.) (noting that after Ohio's long-arm statute was updated, it became "coextensive" with the U.S. Constitution); *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *5 (S.D. Ohio Apr. 25, 2023) (Marbley, J.) (same). Thus, no separate analysis under Ohio's long-arm statute is necessary, as it is "coterminous with the limits of the federal Due Process Clause." *Grado v. Med., Indus., and Sci. Prods. Corp.*, 2025 WL 2227879, at *7 (S.D. Ohio Aug. 5, 2025); *see Angel's Dream, LLC v. Toledo Jet Ctr., LLC*, 721 F. Supp. 3d 601, 609–11 (N.D. Ohio 2024). The inquiry into Ohio's long-arm statute collapses into the analysis of NUL's due process rights

**2. Due Process Requirements**

The Sixth Circuit has set forth three requirements to protect the due process rights of a defendant and determine whether specific personal jurisdiction exists: (1) the defendant "must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state"; (2) "the cause of action must arise from [or relate to] the defendant's activities there"; and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Intera Corp.*, 428 F.3d at 615 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

NUL challenges all three elements of due process.

**a. Purposeful Availment**

First, NUL argues that it did not purposefully avail itself of the privilege of acting in Ohio. The concept of purposeful availment is a constitutional one, such that the Defendant's contacts with the forum state are so connected that it "should reasonably anticipate being haled into court there." *Burger King Corp.,* 471 U.S. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "The requirement of purposeful availment ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (internal citations omitted). Further, although physical presence in the forum state is not required, "the quality and nature of the defendant's contacts are crucial to the determination of purposeful availment." *Architectural Busstrut Corp. v. Smith LC,* No. 2:21-CV-4028, 2022 WL 1837596, at *3 (S.D. Ohio Feb. 8, 2022) (Watson, J.) (quoting *Air Prods. & Controls, Inc. v. Safetech Int'l*, Inc., 503 F.3d 544, 550 (6th Cir. 2007)).

In support of his argument, Plaintiff asserts that NUL "reached into Ohio by supervising CUL's conduct in Ohio, traveling multiple times to Ohio, committing discriminatory and retaliatory actions against him while he was in Ohio, and participating in the termination of his employments." (ECF No. 36 at 8). Conversely, NUL argues, based on a declaration from Mr. Herman Lessar, the Senior Vice President of Affiliate Services for NUL, that (1) NUL does not supervise CUL's conduct in Ohio, and (2) NUL has only traveled to Ohio on two occasions over 10 years. (ECF No. 27 at 7–8).

The Supreme Court has repeatedly "emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger*

*King*, 471 U.S. at 473 (quoting *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). That is not the case here, and Plaintiff's arguments do not support the finding of purposeful availment.

As NUL highlights in its motion, supplemental briefing, declaration, and reply, Plaintiff does not assert that NUL ever communicated with the Plaintiff (either by email, phone, or otherwise), nor that any employee of NUL ever met with Plaintiff personally in Ohio. (ECF. No. 34 at 11–12). Similarly, NUL has no location or employees in Ohio, and further, does not supervise CUL employees. (ECF. No. 27 at 8). NUL's only governance function in Ohio is "the ability to audit CUL to assess its governance, operation and fiscal integrity, consistent with the Affiliate Agreement. (*Id.*). NUL does not instruct CUL on personnel hirings or terminations and has no control over the day-to-day operations. (*Id.*). Plaintiff merely alleges that "Ramsey reported to NUL that CUL and Wilkes were discriminating against him because of sex," NUL has a policy against discrimination, and that NUL informed CUL about Plaintiff's October 2024 report. (ECF No. 33 at ¶¶ 92, 93, 118). Although CUL operates as a local affiliate of NUL, CUL has its own board of directors, budget, and executives that conduct day-to-day operations. Even in *Hiller v. Aver Info., Inc.,* the court declined to find purposeful availment where the defendant was not "actively and personally involved," in the discrimination, had limited communication with the plaintiff, and was not the decision maker in the termination. No. 5:20-CV-2244, 2021 WL 3725657, at *8–9 (N.D. Ohio Aug. 23, 2021) (*see also Calkins v. Danaher Corp.,* 739 F. Supp. 3d 615, 627 (N.D. Ohio 2024) (finding no purposeful availment even where the defendant participated in the decision to terminate the plaintiff and assisted with the creation of termination agreements).

Accordingly, Plaintiff has not demonstrated the Defendant purposefully availed themselves of Ohio.

**b. Cause of Action**

Under the second prong of the analysis, the Plaintiff's cause of action must "arise out of or relate to" NUL's activities in Ohio. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). The requirement that Plaintiff's suit *arise out of* or *relate to* NUL's contacts with Ohio is "subject to a lenient standard." *Carbone v. Kaal*, 140 F.4th 805, 813–14 (6th Cir. 2025) (citation and internal quotation marks omitted); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021).

Plaintiff alleges that "he has sufficiently demonstrated that his causes of action – his termination – 'arose from' NUL's discriminatory actions." (ECF No. 36 at 9). Defendant disagrees, arguing that NUL has no contacts with Ohio, aside from two visits over ten years, and was not privy to CUL's "independent decision to terminate him." (ECF No. 27 at 9–10). Defendants further argue that Plaintiff has never been an employee of NUL, but rather, is an employee of an independent 501(c)(3), to which NUL has a limited connection. (*Id.*).

Even with the benefit of leniency, Plaintiff's cause of action does not arise out of this Defendant's contacts with Ohio. Plaintiff asserts little else beyond the allegation that his termination resulted from NUL's actions. Based on the record before this Court, however, there is no indication that NUL was responsible for Plaintiff's discrimination, or for his termination. Even so, "generally, a defendant's conduct that occurs outside the forum state, but harms a plaintiff within the forum state, is not enough to establish specific jurisdiction." *Architectural Busstrut Corp.,* 2022 WL 1837596, at *4. Thus, there is an insufficient connection between Plaintiff's termination and any action alleged on the part of NUL so to satisfy this second prong.

**c. Reasonableness**

To determine whether exercising jurisdiction over the defendant is "reasonable" under the third requirement, courts consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief in that particular forum. *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 508 (6th Cir. 2014) (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987)). Where the first two requirements of due process are met, "there is an inference that the reasonableness prong is satisfied as well." *Intera Corp.*, 428 F.3d at 618.

Plaintiff contends that personal jurisdiction over NUL would be reasonable because, while NUL might bear some convenience-related burdens if it was required to litigate in Ohio, Ohio has a social and economic interest in protecting its employees from discrimination. (ECF No. 36 at 10). Plaintiff further argues that Plaintiff has a "clear interest" in obtaining relief in Ohio, where he lives and where NUL's alleged "violations of the federal and state anti-discrimination laws occurred." (*Id.*). Defendant, however, asserts that it has no connection to Ohio, to the allegations in Plaintiff's complaint, and the burden it would face in litigating the case in Ohio would outweigh any interest Plaintiff has in litigating the case here. (ECF No. 27 at 11).

Here, the Court agrees that personal jurisdiction over NUL would not be reasonable. While the second and third factors might weigh in favor of Plaintiff, that the state of Ohio would have a legitimate interest in protecting employees within its borders and Plaintiff's interest in obtaining relief in Ohio, the first factor outweighs any consideration of the other two. *Ault Int'l Med. Mgmt., LLC v. City of Sevierville*, No. 2:19-cv-02739, 2020 WL 1244190, at *3 (S.D. Ohio Mar. 16, 2020) (citing *Kendle v. Whig Enters., LLC*, No. 2:15-cv-1295, 2016 WL 5661680, at *8

(S.D. Ohio Sept. 30, 2016)). Under factor one, the burden on NUL to litigate in Ohio would be great, given their minimal contacts with the forum and their place of business in New York, New York. While CUL clearly has a relationship with the Plaintiff and Ohio, NUL lacks the same attachment. Thus, exercise of personal jurisdiction over NUL would be unreasonable, and its due process rights would be violated by the exercise of jurisdiction over it in this matter.

**B. Motion to Dismiss**

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter" before proceeding to the personal-jurisdiction inquiry. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

Because the Court lacks personal jurisdiction over Defendant NUL, it need not address NUL's arguments that the Complaint should be dismissed for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

**IV. CONCLUSION**

For the foregoing reasons, this Court **GRANTS** National Urban League's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 23). Plaintiff's claims against all other Defendants remain pending.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 17, 2026**